**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3036

UNITED STATES OF AMERICA

v.

MERVIN DORIVAL,

Appellant

On Appeal from the District Court of the Virgin Islands
District Court  No. 3-04-cr-00154-002
United States District Judge: The Honorable James T. Giles

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 3, 2010

Before: SMITH, CHAGARES, and JORDAN, *Circuit Judges*

(Filed:   May 6, 2010 )

OPINION

SMITH, *Circuit Judge.*

A jury convicted Mervin Dorival of one count of conspiring to possess with

the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and

1

two counts of aiding and abetting possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2. The District Court sentenced Dorival to, *inter alia*, 300 months of imprisonment. Dorival appealed, challenging his sentence. We will affirm.[1]

Dorival's attack upon his sentence is twofold. First, he asserts that the District Court erred in finding that he was a leader of a criminal activity under U.S.S.G. § 3B1.1(a), which warranted a four-level enhancement of his offense level.[2] The District Court found that Dorival was a "lead facilitator within the conspiracy." As support, the District Court explained that: (1) Dorival received numerous kilograms of cocaine from Maleek Sylvester; (2) he contacted Dion Brookes to assist in the smuggling by storing suitcases containing cocaine in Brookes's office until flight tags were obtained and affixed to each suitcase; (3) Dorival directed other baggage handlers regarding the number of flight tags to remove from a suitcase which had been legitimately checked for a flight and to

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We review for clear error a sentencing court's finding that a defendant was an organizer or leader under U.S.S.G. § 3B1.1(a). *United States v. Antico*, 275 F.3d 245, 268 (3d Cir. 2001); *see also United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (instructing that "if the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous").

2

affix that flight tag to the smuggled suitcase containing the cocaine in Brookes's office; and (4) Dorival was ultimately responsible for getting the drugs through the airport and safely onto a plane. After reviewing the evidence of record, we conclude that the District Court's findings were not clearly erroneous.

Dorival's second argument is that his sentence is unreasonable. "Our appellate review proceeds in two stages." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). First, we focus on the procedure employed by the district court, ensuring, *inter alia*, that the court considered the factors set forth in 18 U.S.C. § 3553(a). *Id.* Second, we consider the sentence's substantive reasonableness. *Id.* "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *Id.* "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

Dorival's challenge to his sentence focuses on its procedural reasonableness. He contends that his sentence is unreasonable because the District Court failed to meaningfully consider the need for just punishment, 18 U.S.C. § 3553(a)(2)(A), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). As we explained in *United States v. Parker*, 462 F.3d 273

(3d Cir. 2006), § 3553(a)(6) was enacted "to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *Id.* at 277. Nonetheless, we noted that "[e]ven if § 3553(a)(6) were applicable to . . . co-defendants in the [same] case, § 3553(a)(6) by its terms plainly applies only where co-defendants are similarly situated." *Id.* at 278. In light of Dorival's role in the offense, Dorival was not similarly situated with any of his co-defendants. For that reason, we do not find any error with regard to this sentencing factor.

Nor do we find any merit to Dorival's contention that the District Court failed to meaningfully consider the need for just punishment. Dorival contends that his sentence of 300 months is harsh. Certainly 300 months is a substantial sentence. But that fact does not mean that the sentence is not "just punishment." We cannot ignore that the sentence is within the guideline range and that the sentencing range was at the upper end of the sentencing table because of the 97.99 kilograms of cocaine that Dorival had a hand in moving through the airport. The Court noted that this was a significant amount of contraband, and that Dorival's recorded statement indicated that "he was not innocent." After reviewing the District Court's explanation for the sentence it imposed, we conclude that it meaningfully considered the need for just punishment and that the sentence is

procedurally sound.[3]   Accordingly, there is no reason to disturb the District Court's sentence.

Finally, we address Dorival's purported adoption of the issues and arguments raised by his co-appellants.  We recognize that Federal Rule of Appellate Procedure 28(i) provides that "[i]n a case involving more than one appellant . . . any party may adopt by reference a part of another's brief."  This provision, however, does not excuse compliance with Rule 28(a), which requires that the "appellant's brief must contain . . . a statement of the issues presented for review."  Fed.  R. App. P. 28(a)(5).  Accordingly, a blanket adoption of all of the issues raised by all of one's co-appellants, without any specification of the discrete issues to be adopted, fails to satisfy Rule 28(a)(5)'s directive to identify the issues for review.  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (rejecting appellant's attempt to adopt co-appellants' arguments by a cursory reference in his brief that failed to identify which particular issue, out of series of issues, was being adopted).

Here, Dorival seeks to adopt the issues raised by his six co-appellants by

---

[3]Dorival also submits that the District Court erred because it considered a factor not found in § 3553(a), *i.e.* "public outrage," and "was exacting a form of retribution."  It is true that the District Court referred to the "outrage of the community to the offense that has been perpetrated against them."  In the next breath, however, the Court acknowledged that it must "punish fairly."  Accordingly, we do not find any error by the District Court in this regard.

simply citing Rule 28(i). He does not specify the particular issue or issues—out of more than twenty claims of error asserted by his co-appellants—that is worthy of adoption. As a result, Dorival's blanket adoption does not comply with the requirements of Rule 28(a). For that reason, we conclude that Dorival's unspecified, adopted issues are deemed abandoned and waived.[4] *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

We will affirm the judgment of the District Court.

---

[4] Because we conclude that Dorival waived the issues raised by his co-appellants, we have not considered the merits of these issues as applied to Dorival. Nonetheless, we note that the majority of the arguments raised by the other co-appellants rest on facts specific to their own cases, and are therefore arguments unsuitable for adoption under Rule 28(i). *See United States ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 237-38 (3d Cir. 1998) (recognizing that adoption under Rule 28(i) may be inappropriate if a co-appellant's arguments are fact specific, but considering the adopted argument as it was readily transferrable to the appellant's case); *see also United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (listing cases that recognize that Rule 28(i) has limitations, one such limitation being the fact specific nature of some issues).